IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

YONIS VENTURA-LOPEZ,                          :
                                              :
                                              :
                                              :
                          Petitioner,         :
          v.                                  :        2:26-cv-5153
                                              :
J.L. JAMISON, et al.                          :
                                              :
                          Respondents.        :

## ORDER

AND NOW, this 29th day of July 2026, upon consideration of Petitioner's Petition for a Writ of Habeas Corpus (Dkt. 2), Respondents' response thereto (Dkt. 6), and Petitioners Reply in Support (Dkt. 7), it is hereby ORDERED that the Petition is GRANTED as follows:

1. The Government shall RELEASE Petitioner from custody **immediately** and certify compliance with this Court's Order by way of docket entry, no later than July 8, 2026;

2. The Government is permanently enjoined from re-detaining Petitioner under 8 U.S.C. § 1225(b)(2);

3. Following his release from custody the Government may, if it chooses, **immediately** re-detain Petitioner under 8 U.S.C. § 1226(a);

4. If the Government chooses to re-detain Petitioner under 8 U.S.C. § 1226(a), it must provide him with a bond hearing, no later than

1

Friday July 31, 2026, so that an appropriate tribunal may assess whether he poses a danger to the community or a flight risk.

5. In the event of such bond hearing, the Government SHALL NOT remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania. If, after a bond hearing, it is determined that Petitioner is a danger to the community or a flight risk and that continued detention is proper, the Government may request permission of the Court to move Petitioner if unforeseen or emergency circumstances so require. Any such request must include an explanation for the request as well as the proposed destination.

6. Respondents are DIRECTED to submit the opinion of the Immigration Judge to this Court as soon as practicable.

7. Petitioners Motion to appoint counsel is hereby dismissed as moot.

Petitioner may move to reopen this matter for any violations of this Order.[1]

BY THE COURT:

GAIL A. WEILHEIMER, J.

---

[1] This Court will not belabor the analysis regarding the distinctions between 8 U.S.C. § 1225(b)(2)(A) and 8 U.S.C. § 1226(a). Suffice to say that "the weight of Circuit and district court authority [is] against the government." Resp. Br. at 4. In this instance, Petitioner was detained upon his release from Sussex Correctional Institute, where he was serving a sentence for Driving While Under the Influence. Since the inception of the Government's current immigration enforcement posture, it has detained undocumented residents under 8 U.S.C. § 1225(b)(2)(A). Notwithstanding the questionable legal footing of this position—observed in several cases around this Country—that

Section does not provide for a bond hearing upon detention. *See Sepulveda- Leyton v. O'Neill*, No. 3:25-CV-00498, 2026 WL 25116, at *2 (W.D. Pa. Jan. 5, 2026).

The Government suggests in its reply that the Court should consider granting a bond hearing instead of immediate release. *See* Resp. Br. at 4. This relief is at odds with the sort of detention the Government insists it has employed. Recognizing that other Courts in this District routinely grant such hearings, this Court is nevertheless uncertain it can grant a bond hearing that is not provided for by the statute. Doing so, in this Court's view, would essentially amount to the Court directing the Government to detain Petitioner under a statute that the Government expressly insists does not apply. Notably, the Government could cure this conundrum by amending its detainer and indicating that Petitioner is detained under Section 1226(a). The Court recognizes that this is unlikely, as it would be inconsistent with the position that the Government has taken all along. Even so, it is not the Court's place to direct the Government to detain undocumented individuals under one statute or another. Accordingly, the Court, as it has in the past, will order immediate release. However, in light of Petitioner's criminal record, the Court will remove its usual 7-day prohibition for re-detention and permit the Government to re-detain Petitioner under Section 1226(a) immediately. One would think that if, in the Government's view, Petitioner's criminal record is of particular concern, the Government would take this opportunity to properly detain him and argue those merits at a bond hearing.

In the event the Government does not re-detain Petitioner, Petitioner's counsel may seek costs and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). Those fees must be sought by way of separate motion. 28 U.S.C. § 2412(d)(1)(B); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 24-2990, 2026 WL 263483, at *13 (3d Cir. Feb. 2, 2026); *see also Abioye v. Oddo*, No. 3:23-CV-0251, 2024 WL 4304738, at *2 (W.D. Pa. Sept. 26, 2024); *Daley v. Ceja*, 158 F.4th 1152, 1155 (10th Cir. 2025).